UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM R. DEBARTOLO,

      Plaintiff,

vs.                                     Case No. 8:13-cv-01695-T-27-MAP

CAPITOL PREFERRED INSURANCE
COMPANY, INC.,

      Defendant.

_____/

## ORDER

**BEFORE THE COURT** is Defendant Capitol Preferred Insurance Company's Motion for Summary Judgment and Memorandum of Law in Support Thereof (Dkt. 20) and Plaintiff's opposition (Dkt. 21). Upon consideration, Defendant's motion is **GRANTED**.

### *Background*

The relevant facts, undisputed or viewed in the light most favorable to Plaintiff, are as follows. Plaintiff, William DeBartolo, owned and occupied a home in Citrus County, Florida, which suffered water damage during Tropical Storm Debbie in 2012. (Dkt. 1, Complaint, ¶¶ 3, 10). The home was insured by Defendant Capitol Preferred Insurance Company, Inc., under a Standard Flood Insurance Policy ("SFIP") pursuant to the National Flood Insurance Program ("NFIP"), 42 U.S.C. § 4001 *et seq*. (*Id*. at ¶¶ 1, 5, 8). Private insurers issue SFIP policies in their own names, but the policies are underwritten by the federal government, and claims are paid out by the U.S. Treasury. *See Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1339, 1343 (11th Cir. 2007). The terms and conditions relevant to this case are standard terms and conditions mandated by the NFIP. (Dkt. 1 Ex. A & Dkt. 20 Ex. E, SFIP); *see Sanz v. U.S. Security Ins. Co.*, 328 F.3d 1314, 1316

(11th Cir. 2003).

Tropical Storm Debbie flooded Plaintiff's home on or about June 25, 2012. (Dkt. 1 ¶ 10).

Plaintiff reported a claim to Defendant, which sent an adjuster to Plaintiff's house. (Dkt. 20 at 6.)

Based on the adjuster's recommendation, Defendant denied Plaintiff's claim on July 17, 2012. (Dkt.

21-1). After the denial, Nancy Bell, the local insurance agent who issued the policy for Defendant,

inspected Plaintiff's property and witnessed evidence of flood damage to Plaintiff's property. (Dkt.

21 ¶¶ 6-10). Plaintiff sent a signed letter to Defendant on August 4, 2012, which included a

description of when and how his property was damaged, but did not include repair estimates or an

inventory of personal property. (Dkt. 21-7). The letter was not notarized. *Id.* Plaintiff sent a second

signed letter to Defendant, notarized by Bell, which included detailed repair estimates, on October

2, 2012. (Dkt. 21-8). Defendant again denied Plaintiff's claim.

The policy and SFIP have an identical proof of loss requirement, which states:

> In case of a flood loss to insured property, you must . . . Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
> a. The date and time of loss;
> b. A brief explanation of how the loss happened;
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
> d. Details of any other insurance that may cover the loss;
> e. Changes in title or occupancy of the covered property during the term of the policy;
> f. Specifications of damaged buildings and detailed repair estimates;
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
> h. Details about who occupied any insured building at the time of loss and for what purpose; and
> i. The inventory of damaged personal property described [in a prior section of the policy]. (Dkt. 1 Ex. A at VII.J.4 &  Dkt. 20 Ex. E, SFIP at VII.J.4).

The policy states that the adjuster hired by the insurance company "may furnish you with a

proof of loss form, and she or he may help you complete it.  However, this is a matter of courtesy

only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it." *Id.* at VII.J.7.

After Defendant and FEMA denied Plaintiff's claims and appeals, Plaintiff filed this lawsuit, contending breach of contract and also seeking declaratory judgment in his favor.

### *Standard*

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party, here, Plaintiff. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiff's evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 249.

The Court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Id.*

*Discussion*

Defendant moves for summary judgment on a single theory: that Plaintiff failed to timely submit a proof of loss, as required by the policy and the NFIP, because his August 4, 2012 letter did not meet the requirements for a proof of loss. Because the undisputed factual record demonstrates Plaintiff did not comply with the requirements of the policy and the NFIP, Defendant is entitled to summary judgment.

A federal insurance contract, like this one, may not be interpreted with "charitable laxity." *Sanz*, 328 F.3d at 1318 (quoting *Federal Crop Ins. Corporation v. Merrill*, 332 U.S. 380, 386 (1947)). "[T]he insured must adhere strictly to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government." *Sanz*, 328 F.3d at 1318. The filing of a timely and complete proof of loss is among these requirements. *Shuford*, 508 F.3d at 1342. Therefore, "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998).

There is no dispute that the August 4, 2012 letter did not "strictly" comply with the proof of loss requirements. The August 4 letter did not include repair estimates, much less "detailed" repair estimates, did not include an inventory of damaged personal property, and was not sworn. *Compare* Dkt. 21-7 (August 4, 2012 letter) *with* Dkt. 1 Ex. A (policy terms). Plaintiff makes several arguments for why the proof of loss requirements should not apply. None are persuasive.

First, Plaintiff argues the policy does not define the term "sworn," and that it was reasonable for a layperson like Plaintiff to believe his signed letter fulfilled that requirement. Although the policy does not define the term "sworn," in interpreting the NFIP, other courts have consistently held that "sworn" requires notarization and a signature does not suffice. *See Mancini v. Redland Ins. Co.*,

4

248 F.3d 729, 734 (where insured signed a fax transmittal sheet but did not have relevant correspondence notarized, the required "actual and complete compliance" was not shown); *Goodman v. Fidelity Nat. Property & Cas. Ins.* Co., No. 3:06-cv-93-MCR-EMT, 2007 WL 1521479, at *2-3 (N.D. Fla. May 23, 2007) (letter to insurer fails to comply with proof of loss requirements in part because it is not properly sworn); *McKee v. USAA Ins. Agency Inc.*, No. 3:06-cv-156-MCR-EMT, 2007 WL 1229107, at *3 (N.D. Fla. Apr. 26, 2007) (same).

Even if the August 4 letter was accepted as a sworn statement, however, it is undisputed that it does not provide other details required for a valid proof of loss. The letter does not provide the "[s]pecifications of damaged buildings and detailed repair estimates" required by Article VII(J)(4)(f), nor does it provide the mandatory "inventory of damaged personal property" in Article VII(J)(3) and VII(J)(4)(i). Plaintiff's failure to satisfy these requirements means his proof of loss is incomplete and he has failed to comply with the terms of the policy. *See Sun Ray Village Owners Ass'n v. Old Dominion Ins. Co.*, 546 F. Supp. 2d 1283, 1291-92 (N.D. Fla. 2008) (granting summary judgment to insurer because insured's timely proof of loss failed to include detailed repair estimates). Construing the requirements "strictly," as required by *Sanz*, also calls into question whether several other provisions of the proof of loss requirement were fulfilled, including details of other insurance coverage and names of mortgagees or holders of other interests. *See* Article VII(J)(4)(d) & (g).

Plaintiff's second argument is that the proof of loss need not be submitted on a single form. While that may be true, Plaintiff has offered no evidence, and nothing in the record suggests, that other documents submitted with his August 4, 2012 letter fulfill the proof-of-loss requirement. (The October 2, 2012 letter is discussed *infra.*)

Third, Plaintiff argues that he provided notice of loss to the adjuster and therefore did not have to provide it in the proof of loss. However, the policy requires the proof of loss be submitted

by the insured regardless of any correspondence with the adjuster. *See* Article VII(J)(7) ("The insurance adjuster . . . may furnish you with a proof of loss form . . . [as] a matter of courtesy only, and *you must send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it.*") (emphasis added); *Goodman*, 2007 U.S. Dist. LEXIS 37468, at *7 ("the policy cautions that even if the adjuster does not provide the form or any assistance the insured must nevertheless timely send the company proof of loss."); *Greer v. Owners Ins. Co.*, 434 F. Supp. 2d 1267, 1276-77 (N.D. Fla. 2006) (even when insured has substantially complied with proof-of-loss requirement and insurance company is on notice of damage, summary judgment granted because there was not complete compliance with requirements). Indeed, as the basis of this lawsuit is Plaintiff's disagreement with the adjuster about the extent of damage, the adjuster's report necessarily would not have detailed Plaintiff's claimed losses.

Finally, Plaintiff urges that his October 2, 2012 letter, submitted after the 60 day period in which to timely submit the proof of loss, should be considered an amendment to the August 4, 2012 letter, and that the letters together meet the policy's requirements. Plaintiff cites *Slater v. Hartford Ins. Co. of Midwest*, No. 3:13-cv-345-J-34TBT, 2014 WL 2700835 (N.D. Fla. June 13, 2014) for support. *Slater* actually held, however, that summary judgment was inappropriate when an initial proof of loss including repair estimates was timely filed, and a supplemental proof of loss – filed one day later – made an identical claim of damages. *Id.* at *9-10. Here, Plaintiff's initial letter failed to provide any detailed repair estimate, much less a claim that is "identical" to the supplemental letter. Because the initial letter failed to constitute a proper proof of loss under the policy, the supplemental October 2, 2012 letter may not be considered. *See Smith–Pierre v. Fid. Nat'l Indem. Ins. Co.*, No. 11–60298–CIV, 2011 WL 3924178, at *3 (S.D. Fla. Sept. 7, 2011) ("Plaintiff's original proof of loss cannot fulfill his obligation to submit a proof of loss for amounts not covered by the original proof

of loss"); *Oaks v. Allstate Ins. Co.*, No. 05-1591-REW, 2006 WL 3328179 (E.D. Ky. Nov. 14, 2006) (where Plaintiff's timely correspondence failed to comply with proof of loss requirement, "Plaintiff may not avoid enforcement of the proof of loss requirement by "supplementing" or "amending" his original statement after the 60 day period expires."); *Ambassador Beach Condominium Ass'n, Inc. v. Omaha Property and Cas. Ins. Co.*, 152 F. Supp. 2d 1315, 1317 (N.D. Fla. 2001) (granting summary judgment for insurer where insured made timely proof of loss, which was paid, and then insured made untimely supplementation for further payments, which were rejected). *See also Slater*, 2014 WL 2700835, at *9 (collecting cases rejecting untimely submissions of proof of loss). As the August 4, 2012 letter fails to satisfy the proof of loss requirement, summary judgment is due to be granted.

Accordingly, Defendant's motion for summary judgment (Dkt. 20) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant and close this case.

**DONE AND ORDERED** this 15th day of October, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record